FELÍCITA CALVO RÍOS, demandante apelante, *v.* BÁRBARA RAMÍREZ DE ARELLANO y ROSA AMPARO o ROSA ESTHER GARCÍA, demandadas apeladas.

No. 6075.—*Sometido:* Enero 30, 1934. *Resuelto:* Abril 27, 1934.

*A. Díaz Viera,* abogado de la apelante; *Leopoldo Feliú,* abogado de las apeladas.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Felícita Calvo Ríos, hermana y heredera de Socorro Calvo Ríos, solicita la nulidad de cierta disposición testamentaria otorgada por José García Acevedo, instituyendo su única y universal heredera a Bárbara Ramírez de Arellano. Se pide además la reivindicación de una finca que se describe en la demanda y la devolución de una suma de dinero.

Socorro Calvo Ríos, esposa de José García Acevedo, falleció en el Manicomio Insular de Puerto Rico el día 11 de octubre de 1931, sin haber otorgado testamento. Su hermana Felícita Calvo Ríos fué declarada su única y universal heredera en virtud de resolución judicial.

José García Acevedo falleció en 25 de febrero de 1924, siendo esposo de Socorro Calvo Ríos, sin dejar ascendientes o descendientes, ni hermanos ni sobrinos. El referido José García Acevedo otorgó testamento en 2 de febrero de 1924, instituyendo su única y universal heredera a la demandada Bárbara Ramírez de Arellano, y en caso de que ésta muriese antes que él, a Rosa Amparo García, sin otra limitación o condición que la del usufructo viudal que correspondía a su esposa Socorro Calvo Ríos.

Se procedió a la liquidación, partición y adjudicación de la herencia del finado. La viuda, entonces incapacitada, estuvo representada por un defensor judicial designado por la corte de distrito, y con la intervención de éste se practi-

caron dichas operaciones, en las que, en pago de su herencia y de ciertas deudas o bajas, se adjudicó a la heredera Bárbara Ramírez de Arellano la finca que se describe en la demanda.

Como segunda causa de acción se alega que en 24 de enero de 1929 dicha adjudicataria y heredera testamentaria vendió a su hija y codemandada en esta acción Rosa Amparo García, la finca antes mencionada, sin que, según la demanda, mediara precio, valor o consideración alguna, realizándose tal enajenación, según la demanda, simuladamente, con el fin de que la apelada Rosa Amparo García apareciera como tercero para evitar así una reclamación de parte de los herederos de Socorro Calvo Ríos. Se alega además que la demandada Bárbara Ramírez de Arellano continuó cobrando las rentas y productos de la finca para defraudar en sus derechos a la viuda del finado, que en esa época estaba recluída en el Manicomio Insular.

Como tercera causa de acción se alega que en las operaciones antes mencionadas se adjudicó a la apelada Bárbara Ramírez de Arellano la suma de $7,000, importe de un pagaré suscrito por José García Acevedo pocos días antes de su fallecimiento, más la suma de $2,040 de intereses devengados. Se añade que dicho pagaré es nulo y sin ningún valor, por no haber mediado en su otorgamiento precio, valor o consideración alguna, y que dicha transacción se verificó y dicho pagaré fué firmado por José García Acevedo y aceptado por la demandada Bárbara Ramírez de Arellano con la intención de defraudar a Socorro Calvo Ríos, esposa de José García; que la misma nunca prestó su consentimiento a dicha obligación por sí o por medio de su tutor; que el referido pagaré es nulo y sin ningún valor por las relaciones existentes entre la demandada Bárbara Ramírez de Arellano y José García Acevedo, quienes vivían en público concubinato, sosteniendo relaciones amorosas entre sí; que el otorgamiento de dicho pagaré era una limitación al derecho de propiedad adquirido en la sociedad de ganaciales habida entre José García Ace-

vedo y Socorro Calvo Ríos; que dicha suma de $9,040 ha sido indebidamente cobrada y que Socorro Calvo Ríos se encontraba incapacitada en el Manicomio en las fechas a que se refiere el pagaré.

Los demandados excepcionaron la demanda sobre la base de que la misma no aduce hechos suficientes para determinar una causa de acción. La corte inferior declaró con lugar la excepción previa y dictó sentencia desestimando la demanda por entender que la misma no era susceptible de enmienda.

Se alega que la corte inferior erró al sostener que el artículo 920 del Código Civil es aplicable solamente a la sucesión intestada y que aplicar este artículo a la sucesión testada equivaldría a privar al testador de la libre disposición de sus bienes. Se añade que se cometió error también al declarar que la demanda no aduce hechos suficientes para determinar una causa de acción.

La cuestión planteada por las partes se reduce a determinar si el artículo 920 del Código Civil tiene aplicación a la sucesión testada. Esta disposición figura en el Código Civil en el articulado que trata "Del Orden de Suceder", que comienza con la línea recta descendente, y todas estas disposiciones siguen a las que rigen para la sucesión intestada.

Este artículo, que figura con el No. 909 en la edición del Código Civil de 1930, dice así:

"A falta de hermanos y sobrinos, hijos de éstos, sean o no de doble vínculo, sucederá en todos los bienes del difunto el cónyuge sobreviviente."

Es claro que este artículo debe aplicarse únicamente en los casos de sucesión intestada. Si así no fuera, se daría el caso de que un cónyuge, que puede disponer libremente de una parte de su propiedad aunque tenga descendientes o ascendientes, se vería privado de hacerlo cuando careciese de herederos forzosos, de hermanos y sobrinos.

En este caso, si se aplicara el artículo 920 a la sucesión

testada, todos los bienes del difunto pertenecerían al cónyuge sobreviviente. Scaevola, en el tomo 16, pág. 450, de sus "Comentarios al Código Civil", dice que "la herencia del cónyuge en propiedad es la señalada en el artículo 952 con referencia a la sucesión *ab intestato.*" Este artículo 952 del Código Civil español equivale al artículo 920 de nuestro Código Civil, hoy 909 en la edición de 1930. Véase también Manresa, "Comentarios al Código Civil Español", tomo 7, pág. 156, quinta edición.

A nuestro juicio, la corte inferior aplicó correctamente la ley al concluir que el cónyuge viudo en este caso no tiene derecho alguno a heredar de acuerdo con el artículo 920 del Código Civil.

En este caso se trata de una herencia testada, en la cual el testador dejó a salvo los derechos de su esposa, reservándole la cuota usufructuaria. No aparece que los derechos de la viuda en cuanto se refiere al usufructo hayan sido lesionados. Por el contrario, en la demanda se alega que Socorro Calvo Ríos estuvo representada por un defensor judicial en el avalúo, liquidación, partición y adjudicación de los bienes relictos al fallecimiento de José García Acevedo.

La corte inferior dictó sentencia desestimando la demanda, basándose en que la misma no era susceptible de enmiendas. Opinamos que con respecto a la tercera causa de acción debe concederse a la demandante la oportunidad de aclarar sus alegaciones. Se habla en esta parte de la demanda de un pagaré de $7,000 otorgado simuladamente por José García Acevedo pocos días antes de su fallecimiento y entregado a Bárbara Ramírez de Arellano con la intención de defraudar a su esposa Socorro Calvo Ríos, quien en dicha fecha se hallaba recluída en el Manicomio Insular. Se añade que esta operación limitaba los bienes de la sociedad de gananciales existentes en dicha fecha. Si en realidad se trata de decir que José García Acevedo y Bárbara Ramírez de Arellano se pusieron de acuerdo para simular un pagaré y disponer de una cantidad perteneciente a la sociedad de gananciales, pri-

vando a Socorro Calvo Ríos de una parte de sus bienes, la demandante debe tener oportunidad para aclarar su demanda introduciendo la enmienda correspondiente. Si en virtud de una transacción fraudulenta se privó a la viuda de sus bienes gananciales o una parte de los mismos, Felícita Calvo Ríos, en su carácter de heredera, tiene derecho a establecer la correspondiente reclamación.

*Debe confirmarse la sentencia apelada en cuanto a las dos primeras causas de acción y revocarse en cuanto a la tercera, devolviéndose el caso a la corte inferior para procedimientos ulteriores de acuerdo con los términos de esta opinión.*